UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LAMONT STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY JAIL HEALTH CARE SERVICES MEDICAL STAFF, et al.,<br><br>Defendants. | No. 2:21-cv-1010 TLN KJN P<br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and submitted a completed request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that despite multiple requests, San Joaquin County Jail medical staff failed to provide adequate medical treatment by not taking plaintiff's medical symptoms seriously or providing diagnoses or monitoring symptoms.  Plaintiff states his symptoms include vomiting, loss of weight, blood in vomit, acid and burning in stomach, throat and nose, from 2018 to June of 2021.  Plaintiff names the San Joaquin County Jail medical staff and the sheriff as defendants.[1] Plaintiff seeks money damages.

Discussion

Initially, it is unclear whether plaintiff is a pretrial detainee or whether he has already been convicted and is serving his sentence in the county jail.[2]

A claim of inadequate medical care brought by a pretrial detainee arises under the Fourteenth Amendment and is governed by an "objective deliberate indifference standard." See Gordon v. County of Orange, 888 F.3d 1118, 1124-1125 (9th Cir. 2018).  In order to state a claim

---

[1] Plaintiff also refers to all medical staff listed in "all documentation," such as grievances, inmate request forms, etc., but plaintiff did not provide such documents.  (ECF No. 1 at 2.)  In any event, plaintiff must set forth specific factual allegations as to each named defendant.  The court will not review exhibits in an effort to determine plaintiff's claims.

[2] If plaintiff has been convicted, his medical claim arises under the Eighth Amendment.  Plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

3

against any defendant for denial of medical care while a pretrial detainee, plaintiff must allege that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). The "'mere lack of due care'" is insufficient. Gordon, 888 F.3d at 1124-25 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent - - something akin to reckless disregard." Gordon, 888 F.3d at 1124-25; see also Sarkiss v. Duncan, 2017 WL 10562979, at *6 (C.D. Cal. Sept. 22, 2017) ("[A] claim of medical malpractice or mere negligence is insufficient to make out a Fourteenth Amendment claim.").

Here, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff may not simply name "San Joaquin County Medical staff" as defendants. Rather, plaintiff must specifically name an individual who plaintiff contends violated plaintiff's Fourteenth Amendment rights. In addition, plaintiff must address each of these elements for each named defendant. Plaintiff's generalized listing of symptoms he experienced over a three year period is insufficient to state a cognizable civil rights claim.

Plaintiff's complaint fails to clearly explain just what a defendant did and how that defendant's actions or omissions violated plaintiff's Constitutional rights and caused him injury. Plaintiff must identify as a defendant only a person who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 12, 15) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of San Joaquin County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 25, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/steb1010.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LAMONT STEBBINS,<br><br>            Plaintiff,<br><br>      v.<br><br>SAN JOAQUIN COUNTY JAIL HEALTH CARE SERVICES MEDICAL STAFF, et al.,<br><br>            Defendants. | No.  2:21-cv-1010 JAM KJN P<br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint

                 _____
                  Plaintiff